UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| | NO:   10-4569 |
| VERSUS | |
| 6.17 ACRES OF LAND, MORE or LESS, SITUATED in PARISH of ST. CHARLES, STATE OF LOUISIANA and STATE CHARLES LAND COMPANY II, L.L.C. et al. | SECTION: "C" (2) |
| (Master Case) | Applies to 11-0128 Only |

c/w

Civil Action No. 11-0128 (Member Case)

### ORDER & REASONS

This matter comes before the Court on Motion to Dismiss filed by Defendants the United States. (Rec. Doc. 95). Having considered the record, the memoranda of counsel and the law, the Court has determined that dismissal is appropriate for the following reasons.

### I. BACKGROUND

The Master Case is an eminent domain proceeding filed by the United States against 6.17 acres of land to build a West Return Floodwall for Jefferson Parish's levee system. (Rec. Doc.

1).  St. Charles Land Company II, L.L.C., et al. ("St. Charles Land"), Defendant-landowners in the Master Case, filed the Member Case under 28 U.S.C. § 1364, seeking to permanently enjoin the United States from allegedly trespassing on "property on the west side of and abutting what is known as the Parish Line or Duncan Canal" ("Parish Line Canal").  The Parish Line Canal is adjacent to, but not part of, the 6.17 acres at issue in the Master Case.  (Case No. 11-0128, Rec. Doc. 1 at ¶¶ 5, 17, 22).  Specifically, St. Charles Land claimed that they owned the Parish Line Canal and that the United States were impermissibly entering, dredging, and failing to insulate that property.  *Id.* at ¶¶ 5, 18-21).   In their Supplemental, Amending and Restated Complaint for Preliminary and Permanent Injunctive Relief, St. Charles Land added as Defendants East Jefferson Levee District ("EJLD") and Odebrecht-Johnson Bros. ("OJB"), and in addition to the permanent injunction, requested a preliminary injunction against these two Defendants and the United States for the above activities.  (Rec. Doc. 13 at ¶¶ 2, 19-22).  St. Charles Land moved to dismiss their preliminary injunction and to dismiss OJB from their lawsuit.  (Rec. Docs. 55, 71).  They then filed their Second Supplemental, Amended and Restated Complaint for Just Compensation, Damages, and Permanent Injunctive Relief ("second amended complaint"), the claims of which are the subject of the instant motion.  (Rec. Docs. 85).

In their second amended complaint, St. Charles Land invoke jurisdiction under 28 U.S.C. § 1358, in addition to 28 U.S.C. §1346.  As relates to the United States, St. Charles Land now seek a declaratory judgment that the Parish Line Canal is not burdened with a right-of-way servitude and a permanent injunction preventing entry onto the Parish Line Canal.  (Rec. Doc. 85 at ¶ 28).  As relates to EJLD and newly added Defendant Pontchartrain Jefferson Levee District ("PLD"), St. Charles Land seek the same judgment and permanent injunction as it does against

the United States, as well as compensation and damages for "(a) the lands taken; (b) the construction servitudes taken; (c) the severance damages caused by the diminution in value to the remainder of the [Parish Line Canal] and (d) the physical damages to [the Parish Line Canal] caused by the activities thereon." (Rec. Doc. 85 at ¶¶ 29-37).

In its Motion to Dismiss, the United States aver that this Court lacks subject matter jurisdiction over St. Charles Land's claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Rec. Doc. 95). In particular, they argue that the Court lacks jurisdiction under five potential bases, namely 28 U.S.C. § 1358 and 28 U.S.C. § 1346 (Tucker Act), 28 U.S.C. §§ 2674-2675 (Federal Tort Claims Act), 28 U.S.C. § 2409a (Quiet Title Act or "QTA"), and 28 U.S.C. § 2201 (Declaratory Judgment Act). *Id.* at 6-11. Additionally, the United States argue that if this Court dismisses the claims against them, this Court should also dismiss St. Charles Land's claims against EJLD and PLD because these claims do not fall under the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a). *Id.* at 12.

St. Charles Land counter that the Court has subject matter jurisdiction over their claims against the United States under 28 U.S.C. § 1346, which they aver confers jurisdiction under 28 U.S.C. § 2409a. (Rec. Doc. 100 at 2). They present no arguments showing the Court has jurisdiction under 28 U.S.C. § 1358 or the Declaratory Judgment Act. Furthermore, they adopt the United States' position that the Court does not have jurisdiction under the Federal Tort Claims Act insofar as they argue that they have not made a damage claim in tort against the United States and thus are not required to comply with that Act's jurisdictional requirements. *Id.* at 6. They also argue that the Federal Court of Claims lacks jurisdiction over their claims, but fail to explain how this conclusion relates to the subject of the instant Motion to Dismiss, that is,

3

whether *this Court* has jurisdiction over St. Charles Land's claims against the United States. *Id.* at 7-8.  Finally, St. Charles Land argue that in the event that this Court dismisses the claims against the United States, this Court may exercise supplemental jurisdiction over their claims against EJLD and PLD under 28 U.S.C. § 1367(a).  *Id.* at 8.

## II. LAW & ANALYSIS

The plaintiff bears the burden of establishing subject matter jurisdiction.  *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 516 U.S. 1071 (1996).   Accordingly, the Court addresses only whether it has jurisdiction to adjudicate the claims against the United States under 28 U.S.C. § 1346 and 28 U.S.C. § 2409a.

> Section 1346 provides two relevant bases of district court jurisdiction:
>
> (a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of: [...]
> (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded upon the Constitution, or any Act of Congress, or any regulation of an executive department [...].
> [...]
> (f) The district courts shall have exclusive original jurisdiction of civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States.

28 U.S.C. §§ 1346(a)(2), 1346(f).  St. Charles Land do not dispute that this Court lacks jurisdiction under Section 1346(a)(2).  Indeed, they specifically ask for declaratory and injunctive relief from the United States, and ask money damages only from Defendants EJLD and PLD.  (Rec. Doc. 85 at ¶ 28).

Instead, St. Charles Land argue that jurisdiction exists under Section 1346(f), which references the QTA.  The QTA provides in pertinent part that:

> (a) The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights. [...]
> [...]
> (d) The complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title or interest claimed by the United States.

28 U.S.C. § 2409a(a), 2409a(d). Put differently, two prerequisites exist for jurisdiction under the QTA: "(1) the United States must claim an interest in the property, and (2) there must be a dispute over the title to that property." *Leisnoi, Inc. v. U.S.*, 170 F.3d 1188, 1191 (9th Cir. 1999). St. Charles Land have failed to satisfy the first of these elements, and thus this Court lacks jurisdiction over their claims against the United States. *Id.* ("If either condition is absent, the Act in terms does not apply and the district court lacks jurisdiction to entertain the action.").

Both parties rely on *Lafargue v. United States*, 4 F. Supp. 2d 580 (E.D. La. 1998) *aff'd*, 193 F.3d 516 (5th Cir. 1999) (TABLE, NO. 98-30657), *cert. denied*, 529 U.S. 1108 (2000) to determine that the United States claim or do not claim an interest in the Parish Line Canal. (Rec. Docs. 95 at 8-10, 100 at 4-6). There, Plaintiffs donated easements and servitudes to the United States to establish a pipeline pursuant to Strategic Petroleum Reserve Program, 42 U.S.C. § 6239(f)(5)(G). The United States later sold the pipeline and easements. Claiming that circumstances had triggered a reversion of ownership, Plaintiffs sued to regain title of the land under the QTA, or alternatively to be compensated for the land were it deemed "taken" under 28 U.S.C. § 1346(a)(2). The Court specified that a QTA claim requires that the United States claim an interest in the land at issue: "a takings claim under the Tucker Act concedes the government's ownership and seeks to obtain just compensation for the landowner, while a quiet title claim under the QTA disputes ownership and provides the landowner with a declaration of title and

5

recovery of the land." *Lafargue*, 4 F. Supp. 2d at 586. The Court held that Plaintiffs established a claim under the QTA because the United States had sold the land and because its "disclaimer" that it had no interest in the property was ineffectual under 28 U.S.C. § 2409a(e). *Id.* at 589.

Unlike the Plaintiffs in *Lafargue*, who donated easements and servitudes to the United States which the United States then sold, St. Charles Land do not allege that the United States sold or received title of any part of the Parish Line Canal. Indeed, they state that "No governmental agency, including the Corps or the Levee Districts, has ever expropriated or purchased any portion of the Parish Line Canal located on Complainants' property" or "obtained a properly recorded permanent right-of-way or permanent servitude over" the same. (Rec. Doc. 85 at ¶¶ IX-X). Simply requesting judgment that the Parish Line Canal "is not burdened with a right of way servitude" falls short of 2409a(d)'s requirement that St. Charles Land "set forth with particularity [...] the right, title, or interest claimed by the United States," as required under 28 U.S.C. 2409a(d). (Rec. Doc. 85 at ¶ XXVIII).

St. Charles Land contend that the United States' liability depends on the extent of EJLD and PLD's rights over the Parish Line Canal: "If the Levee Districts have acquired a servitude over [the Parish Line Canal], then they should be required to pay just compensation therefor. In the event that they did not obtain a servitude, then they had no rights to convey to the Corps, and title should be quieted." (Rec. Doc. 100 at 6). This argument explains why St. Charles Land request both (1) a judgment against the United States, EJLD, and PLD, regarding ownership of the Parish Line and a permanent injunction restraining them from entry and (2) compensation from EJLD and PLD for the lands "taken," among other harms. (Rec. Doc. 85 at 27-32). However, it does not relate to this Court's jurisdiction over St. Charles Land's claims against the

United States, and St. Charles Land make no attempt to show that it does. Thus, they have failed to establish that this Court has subject matter jurisdiction over their claims against the United States.

Accordingly,

IT IS ORDERED that the United States' Motion to Dismiss is GRANTED.

IT IS FURTHER ORDERED that the United States' Motion to Modify Scheduling Order Re: Exchange of Reports of Expert Witnesses is DISMISSED AS MOOT.

IT IS FURTHER ORDERED that by November 4, 2011 at 4:30 p.m., East Jefferson Levee District and Pontchartrain Levee District and St. Charles Land Company II, et al. shall submit memoranda directed at the issue whether this Court has jurisdiction over St. Charles Land's remaining claims.

New Orleans, Louisiana, this 27th day of October, 2011.

**HELEN G. BERRIGAN**

**UNITED STATES DISTRICT JUDGE**