UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| | NO:   10-4569 |
| VERSUS | |
| 6.17 ACRES OF LAND, MORE or LESS, SITUATED in PARISH of ST. CHARLES, STATE OF LOUISIANA and STATE CHARLES LAND COMPANY II, L.L.C. et al. | SECTION: "C" (2) |
| (Master Case) | Applies to 11-0128 Only |
| c/w | |
| Civil Action No. 11-0128 (Member Case) | |

## ORDER

IT IS ORDERED that the Motion for Reconsideration filed by Landowners St. Charles Land Company II, L.L.C. ("Landowners") is DENIED.  (Rec. Doc. 114). This Court is not bound by *Lonatro, et al. v. Orleans Levee District, et al.*, 2011 WL 4460187 (E.D. La. Sept. 27, 2011), and the Court's ruling in its October 27, 2011 Order does not amount to a "manifest error of law" in the light of *Lonatro* and the arguments raised in it, as is required for granting a motion for altering a judgment under Federal Rule of Civil Procedure 59(e) in this context.

IT IS FURTHER ORDERED that this Court does not have subject matter jurisdiction

over the remaining state law claims of Landowners against the East Jefferson Levee District ("EJLD") and the Pontchartrain Levee District ("PLD").  The Court may not exercise discretionary supplemental jurisdiction over these remaining claims under 28 U.S.C. § 1367 because this Court found in its October 27, 2011 Order that it did not have original jurisdiction over Landowners' claims against the United States, and because the Court is presently declining to reconsider that decision.  That the Court had original jurisdiction over the United States' eminent domain case (the Master case in this consolidated matter) is of no moment.  The Master case and the Landowners' case (the Member case) are two distinct cases, as evidenced by the consolidation order.  (Rec. Doc. 12).  Landowners argue that this Court has jurisdiction over the state law claims in the Member case because they arise out of a common nucleus of operative facts as claims in the Master case.  (Rec. Doc. 113) (citing *Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 165 (1997) (quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966))).  However, the "common nucleus of operative fact" rule applies only where the claims are all part of the same case or controversy, and Landowners have failed to point to authority extending the rule to situations such as the one before the Court.

    New Orleans, Louisiana, this 11th day of January, 2012.

                                        **HELEN G. BERRIGAN**
                                        **UNITED STATES DISTRICT JUDGE**